# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FOODS OF CALIFORNIA<br><br>Debtor/Appellant,<br><br>v.<br><br>POPEYES LOUISIANA KITCHEN, INC<br><br>Creditor/Appellee. | Case No. 1:25-cv-0132-JLT<br><br>Bankruptcy Case: 24-11015-RL<br><br>ORDER RE MOTION TO STAY<br><br>(Doc. 4) |

    The Court has reviewed the papers filed thus far in connection with Plaintiff's ex parte request for a stay of ongoing bankruptcy proceedings below while this appeal is pending. (Doc. 4.) As a threshold matter, the current record does not demonstrate cause for ex parte/expedited treatment of the motion. Though Plaintiff contends the matter requires "immediate attention as there are proceedings happening in the Bankruptcy Court on almost a daily basis which are based on the orders being appealed and prevent Appellant from pursuing and retaining its profitable franchise locations by reorganizing if the appeal is ultimately successful," (*id*. at 7), the Trustee's declaration, filed in opposition to the requested stay, indicates exactly the opposite: that the "best way to maximize value to the bankruptcy estate and creditors is through a sale process of debtor's restaurants and franchises," and that a stay of the bankruptcy proceedings will harm the estate. (Doc. 6 at 3.)

    The Trustee's declaration underscores another troubling aspect of the pending motion: that

1  it was filed in this Court, not the bankruptcy court. Federal Rule of Bankruptcy Procedure 8007
2  provides that "ordinarily" a motion to stay shall be filed "first in the bankruptcy court" unless
3  "moving first in the bankruptcy court would be impracticable." Plaintiff has simply indicated it
4  was "difficult" for it to file this motion in the bankruptcy court due in part to the recent wildfires
5  in Los Angeles. (Doc. 4 at 17.) Though those unfortunate circumstances help explain the delay
6  between the ruling appealed here and the pending motion, they do not explain the choice of
7  forum. While the bankruptcy court may have lost jurisdiction over the specific issue/ruling on
8  appeal here, it is still presiding over the bankruptcy estate and, most importantly, appears likely to
9  be in the best position to evaluate the **competing** equities at stake, as highlighted by the Trustee's
10 declaration.

11     For all these reasons, the Court declines to treat this motion on an ex parte/expedited
12 basis. Instead, within 10 days of the date of this order, Plaintiff shall supplement its motion with
13 any additional information it believes is relevant to the "impracticability" analysis under
14 Bankruptcy Rule 8007 Alternatively, Plaintiff may withdraw the motion and file it before the
15 bankruptcy court. If the motion is not withdrawn, Defendant shall have fourteen days from the
16 date of Plaintiff's supplemental filing to respond, and Plaintiff an additional seven days to file any
17 optional reply. Thereafter, unless the Court affirmatively orders otherwise, the matter will be
18 taken under submission on the papers without oral argument.

IT IS SO ORDERED.

Dated:  **February 19, 2025**

UNITED STATES DISTRICT JUDGE